**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIXIANG JIN,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   18-72884<br><br>Agency No. A205-184-887<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

     Lixiang Jin, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her applications for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Jin's testimony and statements at her asylum interview, implausible and uncorroborated accounting of events, and misrepresentations in her visa application. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (false information on visa application supported adverse credibility determination); *Mukulumbutu v. Barr*, 977 F.3d 924, 926-27 (9th Cir. 2020) (inconsistent and implausible testimony supported adverse credibility determination where petitioner failed to provide sufficient corroborating evidence). Jin's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence also supports the agency's finding that Jin's documentary evidence did not independently establish eligibility for relief. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (absent credible testimony, petitioner failed to establish eligibility for relief). Thus, in the absence of credible testimony, in this case, Jin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)

2

(failure to satisfy lower asylum standard results in failure to satisfy withholding standard).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**